UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LORI DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-128-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOARD OF REGENTS OF EASTERN | ) | **MEMORANDUM ORDER** |
| KENTUCKY UNIVERSITY, et al., | ) | **AND OPINION** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lori Davis was previously employed by Eastern Kentucky University ("EKU") as the Director of the Center for Student Accessibility and the University ADA/504 Compliance Officer. In the fall of 2017, EKU President Michael Benson directed the University's Budget Advisory Committee ("BAC") to identify and recommend strategies to address an anticipated budgetary shortfall for fiscal years 2019 and 2020. Davis contends that she was intentionally excluded from the BAC process, which was supposed to be "collaborative and open," and her employment was terminated on April 9, 2018. Davis claims that while the defendants purported to eliminate her position entirely, she actually was replaced by a younger individual.

Davis, an attorney, filed this action *pro se* in the Madison County Circuit Court on April 5, 2023. She contends that the defendants discriminated against her based on: (a) her age in violation of the Kentucky Civil Rights Act (Count 2); and (b) her race in violation of both the Kentucky Civil Rights Act and federal law (Counts 1 and 3).

The defendants removed the matter to this Court on May 1, 2023. *See* 28 U.S.C. §§ 1331, 1367, 1441, 1446. One week later, the defendants filed a partial motion to dismiss Davis's Complaint on a variety of grounds. [Record No. 4] More than 21 days have elapsed since the defendants filed their motion to dismiss and Davis has failed to respond. *See* L.R. 7.1(c). A plaintiff's failure to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, LLC v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *Humphrey v. United States Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Nevertheless, the Court has reviewed the defendants' motion and finds that partial dismissal and remand is appropriate.

Davis named the following parties as defendants, all in their official and individual capacities: (1) Board of Regents of Eastern Kentucky University; (2) President David McFaddin; (3) former President Michael Benson; (4) Vice President of Finance and Administration Barry Poynter; (5) University Counsel Dana Fohl; (6) former Vice President of Student Success Eugene Palka; and (7) Co-Chair of BAC Tanlee Wasson.

The defendants first contend that any claims against members of the Board of Regents in their individual capacities must be dismissed because Davis has failed to identify any specific Board member that allegedly violated her rights. They point out that the composition of the Board changes, so the identities of the members at the time of the events alleged are not readily ascertainable. *See* KRS § 164.321. For an individual-capacity claim to succeed, the plaintiff must plead that each defendant, through his or her own actions, iolated the law. *See Jackson v. Murray State Univ.*, 834 F. Supp. 2d 609, 614 (W.D. Ky. 2011). Since Davis has not identified any particular Board member or any action he or she may have taken to violate

the plaintiff's rights, the claims against these defendants in their individual capacities will be dismissed.

Next, the defendants argue that several claims should be dismissed based on improper service. Summonses addressed to the Board of Regents, David McFaddin, Dana Fohl, Barry Poynter, Eugene Palka, and Tanlee Wasson were received at EKU's post office box and signed for by Board Chair Michael Eaves on April 11, 2023. But this does not constitute valid service under any of the three methods identified in Rule 4(e) or (h) of the Federal Rules of Civil Procedure or under Rule 4 of the Kentucky Rules of Civil Procedure. Accordingly, the claims against these defendants in their individual capacities will be dismissed. *See* Fed. R. Civ. P. 12(b)(5).

Davis asserts that her claim for racial discrimination in Count 3 arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981 and 1983. [Record No. 1-3, ¶ 37] However, the Board of Regents enjoys sovereign immunity under the Eleventh Amendment with respect to these claim for money damages. *See Jackson v. Murray State Univ.*, 834 F. Supp. 2d 609, 613 (W.D. Ky. 2011) (citing *Ejikeme v. Violet*, 307 F. App'x 944, 951 (6th Cir. 2009)); *Heavin v. Ky. State Univ.*, 2019 WL 5847834, at *2 (E.D. Ky. Nov. 7, 2019). To the extent Davis *could* maintain such claims, the statute of limitations is one year for § 1983 claims and four years for § 1981 claims. *See Mathis v. Mayo,* 2021 WL 1428475, at *1 (W.D. Ky. Apr. 15, 2021); *Kinley v. Norfolk S. Ry. Co.*, 230 F. Supp.2d 770 (E.D. Ky. 2002). Since Davis's cause of action accrued on April 9, 2018, at the latest, these claims are time-barred.

The individually identified defendants also contend that the official capacity claims asserted against them should be dismissed as duplicative of the claims asserted against the

Board of Regents. It is well-established that a suit against an individual in his or her official capacity is the equivalent of a suit against the relevant governmental entity. *See Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Since these claims are merely another way of pleading an action against the Board of Regents (which is also named as a defendant), all of the claims against the individual defendants in their official capacities will be dismissed.

Next, the defendants argue that Davis's claims under the Kentucky Civil Rights Act must be partially dismissed. They assert that, to the extent her claims are based on her exclusion from the BAC process, they are untimely because they were not filed within five years of the alleged events. *See Ammerman v. Bd. of Educ.*, 30 S.W.3d 793, 798 (Ky. 2000) (citing K.R.S. § 413.120(2)). By failing to respond to the defendants' motion, Davis appears to concede this statute of limitations issue. Finally, Davis may not recover punitive damages or interest based on her KCRA claims because the Supreme Court of Kentucky has said these damages are not available. *Ky. Dep't of Corrs. v. McCullough*, 123 S.W.3d 130, 140 (Ky. 2003).

The only claims that remain following entry of this Memorandum Opinion and Order are Davis's KCRA claims against the Board of Regents. A federal district court may decline to exercise supplemental jurisdiction over remaining state law claims when it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). In determining whether to retain or remand the remaining claims, the Court considers the convenience and fairness to the parties, the existence of underlying issues of federal policy, comity, and considerations of judicial economy. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (observing that, "[w]hen all federal claims are dismissed before trial, the balance of

considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed").

This matter is still in the early stages of litigation and there has been no substantial commitment of federal judicial resources. Further, there is no indication that any party would find one court more convenient than the other. Since the EKU Board of Regents is an agency of the state, principles of comity weigh in favor of remanding the matter to state court, which is arguably better equipped to determine whether a state university has violated provisions of the KCRA. *See Easley v. Univ. of Mich. Bd. of Regents*, 619 F.Supp.418 (E.D. Mich. 1985).

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The defendants' motion for partial dismissal [Record No. 4] is **GRANTED**.

2. Except for the plaintiff's claims under the KCRA against Defendant Eastern Kentucky University Board of Regents, all claims asserted in this action are **DISMISSED**.

3. This matter is **REMANDED** to the Madison Circuit Court.

Dated: June 5, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky